

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# USA v. Michael Mendoza

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Michael Mendoza" (2009). *2009 Decisions.* Paper 1163.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1163

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4753
_____

UNITED STATES OF AMERICA

v.

MICHAEL MENDOZA,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cr-167)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before: FUENTES, JORDAN and NYGAARD, *Circuit Judges*.

(Filed: June 22, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

A jury found Michael Mendoza guilty of conspiracy to distribute and possess with

intent to distribute five kilograms or more of cocaine, and the United States District Court

for the Western District of Pennsylvania sentenced him to 240 months in prison and ten

years of supervised release. He filed a timely appeal from the District Court's judgment of conviction and sentence, challenging the Court's decisions to deny his motion to suppress evidence and to allow the government to admit evidence of his prior drug conviction. Mendoza also alleges that the government denied him due process of law by failing to disclose exculpatory information that it had. Because the District Court did not clearly err by admitting the challenged evidence or abuse its discretion by admitting evidence of a prior conviction, and because Mendoza's due process argument is not properly before us, we will affirm.

## I. Background

On January 5, 2006, law enforcement officers in Pittsburgh, Pennsylvania conducted surveillance of a residence on Spring Garden Avenue that they suspected was used in the sale of illegal drugs. During the surveillance, officers saw Mendoza leave the residence and drive away in a vehicle with a Texas license plate. Officer Edward Walker followed Mendoza to a residence on Province Street and observed him enter and emerge with a large plastic garbage bag. Mendoza then left in his vehicle, and Walker continued to follow him.

Meanwhile, a police informant entered the Spring Garden residence and purchased a kilogram of cocaine from brothers Dan and Tim Bill. The brothers had previously told the informant that they received their cocaine from Texas. After the controlled buy, officers arrested the Bill brothers and executed a warrant to search the Spring Garden

2

residence. The search yielded six kilograms of cocaine and other evidence of drug trafficking.

Officers at the Spring Garden residence informed Officer Walker of the results of their search, and he promptly caused Mendoza to pull over. Officer Walker approached Mendoza's car with his gun drawn and ordered Mendoza out of the car. Mendoza complied with the order, and backup officers arrived, prompting Walker to holster his weapon. Walker had his weapon drawn for approximately ten seconds. After Mendoza exited the car, Walker asked him to empty his pockets. Mendoza complied, and one of the backup officers retrieved Mendoza's identification. When Walker was informed of Mendoza's name, he recalled having previously arrested Mendoza for cocaine possession. For his own and his fellow officer's safety, Walker decided to handcuff Mendoza.

Shortly after being handcuffed, Mendoza was given his *Miranda* warnings. He was then asked for permission to search his car. Mendoza verbally consented to the search and was read a Pennsylvania State Police "Waiver of Rights and Consent to Search" form, which he signed. Officers then searched Mendoza's car and seized a number of items. A police dog was used in the search and indicated that the vehicle did not contain drugs.

The officers next asked for permission to search the Province Street residence that they had seen Mendoza use. He gave a verbal consent and, after being transported to the residence, signed a USDOJ/DEA "Consent to Search" form. The officers searched the

residence, seized several items, and then took him to the police station for additional questioning. Mendoza was ultimately released while officers reviewed the evidence and questioned the Bill brothers.

The Bill brothers eventually agreed to cooperate with police and identified Mendoza as their source of cocaine. Mendoza was subsequently arrested and charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Before trial, Mendoza brought a motion to suppress physical evidence and oral statements attributed to him. The District Court held a suppression hearing and denied Mendoza's motion.

In another pretrial filing, the government informed Mendoza and the District Court that it planned to present evidence of Mendoza's prior cocaine-related conviction to prove intent, opportunity, knowledge, identity and the absence of mistake or accident. The government also explained that evidence of the prior conviction was necessary to establish the relationship between Mendoza and Officer Walker. Mendoza objected to the admission of his prior conviction, arguing that it was prejudicial and would be used to show propensity, but the District Court held that the evidence could be admitted.

A jury found Mendoza guilty of conspiracy to possess and distribute cocaine, and, on December 12, 2007, the District Court entered a judgment against Mendoza imposing a sentence of 240 months in prison followed by ten years of supervised release. Mendoza filed a timely appeal. As previously noted, he argues that the District Court erred by

4

admitting evidence obtained during the searches of his car and residence and by allowing

the government to introduce evidence of his prior drug conviction.[1] Mendoza also alleges

that the government denied him his due process rights by failing to turn over exculpatory

evidence.

## II.    Discussion[2]

### A.    Admission of Physical Evidence

Mendoza consented to the searches of his car and residence but contends that his

consent was not voluntary and that the District Court should have suppressed the evidence

seized during the searches.  Because the question of whether a consent was voluntary is

one of fact, we review the District Court's determinations regarding voluntariness for

clear error.  *United States v. Givan*, 320 F.3d 452, 459 (3d Cir. 2003) (citation omitted).

"Accordingly, 'if the district court's account of the evidence is plausible in light of the

record viewed in its entirety,' we will not reverse it even if, as the trier of fact, we would

have weighed the evidence differently."  *United States v. Price*, 558 F.3d 270, 277 (3d

Cir. 2009) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)).

In determining whether a consent was voluntary, district courts are to consider the

totality of the circumstances, including "the age, education, and intelligence of the

_____

[1]Mendoza makes no argument challenging the District Court's decision to admit statements he made following the traffic stop.

[2]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction to review the District Court's final order under 18 U.S.C. § 1291.

subject; whether the subject was advised of his or her constitutional rights; the length of the encounter; the repetition or duration of the questioning; and the use of physical punishment." *Id*. at 277 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973), and *United States v. Kim*, 27 F.3d 947, 955 (3d Cir. 1994)).

### 1. Consent to Search the Vehicle

The District Court examined several factors in determining that Mendoza voluntarily submitted to the search of his vehicle. It noted that, although he was in handcuffs when he gave his consent, Mendoza was not subjected to prolonged or repeated questioning and was treated in a professional and courteous manner by the officers involved in the stop. Additionally, Mendoza was of age to voluntarily consent and had experience with the criminal justice system. Finally, the Court noted that Mendoza was read a consent form and gave both verbal and written consent to the search of his vehicle.

Mendoza argues that Officer Walker made an extreme show of force by drawing his weapon when he approached Mendoza's car and contends that the show of force and the unnecessary use of handcuffs affected the voluntariness of his consent. The District Court, however, found that Officer Walker's weapon was drawn for only ten seconds and had been holstered for several minutes by the time Mendoza gave his consent to the search of his vehicle. The Court also noted that Officer Walker felt it was necessary to handcuff Mendoza for officer safety after recalling Mendoza's prior arrest. Because the District Court's account of the evidence is plausible in light of the record, we conclude

6

that it did not err in finding that Mendoza voluntarily consented to the search of his vehicle.

### 2. Consent to Search the Residence

The Court next analyzed whether Mendoza voluntarily consented to the search of the Province Street residence. It found that the officers treated Mendoza in a professional manner and that there was no evidence of threats or other intimidating behavior. It noted that Mendoza consented both verbally and in writing to the search of the residence and found that, although Mendoza had been detained for approximately an hour and fifteen minutes by the time he signed the written consent, the length of Mendoza's detainment did not alter the voluntary nature of his consent. As the District Court's account of the evidence is plausible, we conclude that it did not err in holding that Mendoza voluntarily consented to the search.

### B. Admission of Evidence of a Prior Conviction

Mendoza contends that the District Court erred by allowing the government to introduce evidence of his prior drug conviction. We review for abuse of discretion a district court's decision to admit evidence of a prior conviction. *United States v. Greenidge*, 495 F.3d 85, 95 (3d Cir. 2007) (citing *United States v. Saada*, 212 F.3d 210, 220 (3d Cir. 2000)).

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in

7

conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident ... ." The Supreme Court has established a four-part test for admission of Rule 404(b) evidence: "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted." *Givan*, 320 F.3d at 460 (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

In this case, the District Court found that the admission of evidence relating to Mendoza's prior conviction met each part of the test. Independently, we conclude that evidence of Mendoza's prior drug conviction was admissible under Rule 404(b) as evidence of his continuing relationship with his co-conspirators, since that conviction also involved Dan and Tim Bill. *See United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002) ("prior bad act evidence may be admitted for the purpose of demonstrating [defendant's] knowledge of a conspiracy and relationship with one of its members").

C.      *Failure to Disclose Exculpatory Evidence*

Mendoza alleges that, while his case has been on appeal, the government has discovered and turned over new evidence. He further avers that the newly produced evidence is exculpatory in nature, and we should therefore grant him an evidentiary hearing or a new trial.

8

We have long held that "[t]he only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986) (citation omitted). When new evidence is discovered while a case is on appeal, a defendant may bring a motion for a new trial in the district court under Federal Rule of Criminal Procedure 33. *See United States v. Graciani*, 61 F.3d 70, 77-78 (1st Cir. 1995) (holding that when new evidence is discovered while a case is on appeal, the proper procedure is for the defendant to file a Rule 33 motion in the district court). If the district court denies the motion, the defendant may then appeal that decision. This process allows district courts to review newly discovered evidence in the first instance. As the new evidence that forms the basis of Mendoza's argument was not part of the District Court record in this case, we will not review it here.

## III. Conclusion

Because the District Court did not clearly err in determining that Mendoza voluntarily consented to the search of his vehicle and residence and did not abuse its discretion in allowing the government to admit evidence of Mendoza's prior drug conviction, we will affirm.